IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MARC H. HEDRICK, PROSPER ) <br> BENHAIM, HERMANN PETER ) <br> LORENZ, and MIN ZHU ) <br> ) <br> Defendants. ) <br> ) | CASE NO: <br><br> (Litigation pending in U.S. District Court, Central District of California – Case No. CV04-9014-CBM (AJWx)) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO ITS SUBPOENA DUCES TECUM ON THIRD-PARTY OLYMPUS-CYTORI, INC.**

Plaintiff University of Pittsburgh (hereinafter "UPITT"), by and through its attorneys, submits this Memorandum of Law in Support of its Motion to compel Olympus-Cytori, Inc. (hereinafter "Olympus-Cytori") to respond fully to UPITT's Subpoena Duces Tecum.

This suit was filed in the District Court for the Central District of California and arose over a dispute regarding inventorship of US Patent 6,777,231 ("'231 Patent").[1] UPITT asserts that Defendants Marc H. Hedrick, Hermann Peter Lorenz, Prosper Benhaim and Min Zhu are not the proper inventors of the '231 Patent. The Defendants have counter-claimed against the remaining named inventors – Adam Katz, Ramon Llull and William Futrell – claiming that they are not proper inventors of the '231 Patent.

Olympus-Cytori, Inc. ("Olympus-Cytori"), a joint venture formed between the Olympus Corp. ("Olympus") and Cytori Therapeutics, Inc. ("Cytori") and incorporated in Delaware, is a third party witness with significant ties to the '231 Patent. Defendants

1

assigned their rights to the '231 Patent to the Regents of the University of California ("UC"), which in turned licensed the patent to Cytori. Cytori is a global biotechnology company whose President is Defendant Marc Hedrick. Cytori has since licensed the '231 Patent to Olympus-Cytori as part of a $55 million transaction in which Olympus invested heavily into Cytori through the joint venture.

UPITT is seeking documents and information from Olympus-Cytori regarding the license of the '231 Patent and any representations or warranties that Cytori or the Defendants made regarding the inventorship of the '231 Patent. Because the '231 Patent is a significant asset of Olympus-Cytori, it seems exceedingly unlikely that the joint venture has no information (and performed no due diligence) regarding the '231 Patent or its inventorship. Further, given that the joint venture was formed after this litigation was instigated against the Defendants, it is highly unlikely that Cytori or its President did not make some statements or representations regarding the inventorship of the '231 Patent in order for the joint venture to go forward.

**PROCEDURAL HISTORY**

On March 9, 2006, UPITT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, served its subpoena duces tecum directed to Olympus-Cytori[2] on its registered agent National Corporate Research, Ltd. at 615 South Dupont Highway, Dover, DE 19901 in the District of Delaware.[3] On or about March 17, Olympus-Cytori, served objections to the subpoena.[4]

---

[1] A true and correct copy of the '231 Patent is attached as Exhibit "A" hereto.
[2] True and correct copies of UPITT's subpoena duces tecum, with accompanying Certificate of Service, are attached hereto as Exhibit "B".
[3] True and correct copy of the registered agent's status is attached as Exhibit "C".
[4] True and correct copies of Olympus-Cytori's objections are attached hereto as Exhibit "D".

During a meet and confer regarding various discovery disputes on March 13 between UPITT, Defendants and various third parties, including Cytori and Olympus-Cytori, UPITT agreed not to pursue discovery against Olympus-Cytori until after Cytori produced documents under UPITT's subpoena. Defendant Hedrick's counsel argued that if Cytori's production was sufficient, there would be no need to produce any documents from the joint venture.

Unfortunately, Cytori's production was abysmal. Cytori produced approximately seventeen documents, of which fourteen were public documents (such as SEC filings) and three were non-public documents. Of these non-public documents, one was only one page of the Joint Venture Agreement between Cytori and Olympus. In a letter on March 26, 2006 UPITT requested that Cytori supplement its incomplete document request and asked that Olympus-Cytori produce documents under its subpoena. During a second meet and confer, Hedrick's counsel stated that neither Cytori or Olympus-Cytori would produce any additional documents.[5]

## THE COURT SHOULD ENFORCE THE SUBPOENAS AND COMPEL CYTORI TO PRODUCE DOCUMENTS AND DESIGNATE A WITNESS TO BE DEPOSED

UPITT seeks documents exchanged between Cytori and Olympus during the formation of Olympus-Cytori which relate to the '231 Patent, a significant asset of the joint venture. This information is crucial to identify the representations (and perhaps their basis) made by Cytori to Olympus-Cytori and Olympus regarding the inventorship of the patent. UPITT's subpoena requests the following categories of documents:

---

[5] See Letter from Mr. DelMaster to Mr. Olson summarizing the meet and confer (attached as Exhibit "E" hereto).

3

1. Documents related to communications between Cytori and Olympus regarding the formation of the Olympus-Cytori referencing the '231 Patent;

2. Documents related to communications with Olympus-Cytori that reference the litigation between Plaintiff and Defendant;

3. Documents regarding any of the named inventors of the '231 Patent;

4. Documents regarding the inventorship dispute involving the '231 Patent;

5. Documents relating to any communication with investment brokers, managers, bankers, or financial company representatives of any type regarding the '231 Patent, inventorship, any of the named inventors, Olympus-Cytori, an inventorship dispute or the litigation between Plaintiff and Defendants; and

6. Documents relating to any communication with equity investors, analysts, securities dealers, or NASDAQ representatives regarding the '231 Patent, inventorship, any of the named inventors, Olympus-Cytori, an inventorship dispute or the litigation between Plaintiff and Defendants.

Olympus-Cytori's objections to the subpoena are with out merit. First, it objects that the requested documents are not relevant. This is spurious. Documents discussing the '231 Patent, and especially who the proper inventors should be are clearly relevant to this litigation. Further, as part of due diligence, one would expect that third-parties, such as investors, financiers, banks, and especially Olympus and the joint venture, would investigate the '231 Patent, particularly given that there is an active litigation over the inventorship of the '231 Patent. Olympus-Cytori's relevancy argument is made even weaker because the President of Cytori is Marc Hedrick – a Defendant in this action.

The scope of allowable discovery under Rule 45 is provided for by Rule 26. *See Gaskin v. Commonwealth of Pennsylvania*, 1997 WL 734031 at *1 (E.D. Pa. 1997) (noting that the scope of discovery under Rule 45 is the same as that of Rule 34 which is governed by Rule 26). Rule 26(b)(1) of the Federal Rules of Civil Procedure deems

4

relevant information that is "reasonably calculated to lead to the discovery of admissible evidence." *See Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138 at *1 (D. Del. 2002) (noting the broad meaning of relevance under Rule 26). *See generally Tessera, Inc. v. Micron Technology, Inc.*, 2006 WL 733498 at *4 (N.D. Cal. 2006) (deciding that documents held by a non-party discussing the technology at issue in the litigation were relevant and discoverable since the non-party company currently licensed the technology from the plaintiff and was otherwise involved with the technology and companies involved in the litigation).[6]

Second, Olympus-Cytori objects to document requests claiming they result in an undue and unnecessary burden because it is not a party to the litigation, but it has failed to substantiate this claim. *See Sosky v. International Mill Service, Inc.*, 1995 WL 368173 at *5 (E.D. Pa. 1995) (compelling discovery when the objecting party claimed answering interrogatories posed an undue burden but "failed to provide evidentiary support for this claim and has not even explained to what extent it would be burdened by answering the interrogatories."). In fact, production of the requested documents will not result in an undue burden as the requests are specific and discrete and pertain to relevant information of great significance to the case. *See Young v. Lukens Steel Co.*, 1994 WL 45156 at *2 (E.D. Pa. 1994) ("The party [asserting undue burden] must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential

---

[6] Furthermore, questions of relevancy should be dealt with carefully when a court is without the benefit of foreign pleadings. *See Celanese Corp. v. E. I. DuPont de Nemours & Co.*, 58 F.R.D. 606, 611 (D. Del. 1973) ("[L]ocal courts whose only connection with a case is the supervision of the taking of depositions ancillary to an action elsewhere should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.").

harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'").

Third, Olympus-Cytori objects to document requests claiming they are directed to matters that are highly confidential to their ongoing business. In addition, Olympus-Cytori objects to document requests claiming they seek information subject to confidentiality agreements with others who are not parties to the underlying litigation. However, Olympus-Cytori failed demonstrate by competent evidence that the information sought is confidential and that disclosure of it will result in harm. Furthermore, UPITT requires the information to prove its claim that the Defendants are not proper inventors. *See Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138 at *2 (D. Del. 2002) ("[D]iscovery is virtually always ordered once the movant has established that the secret information is relevant and necessary."). In any event, assuming that the documents are confidential, UPITT is willing to protect all confidential documents produced by Olympus-Cytori under the stipulated protective order issued by the Court in the Central District of California in this litigation.[7]

Fourth, Olympus-Cytori objects to document requests claiming that the information should be obtained from a party to the underlying litigation. It is necessary that Olympus-Cytori produce requested documents so that UPITT has an opportunity for full and fair discovery. *See Gonzales v. Google, Inc.*, 2006 WL 778720 at *3 (N.D. Cal. 2006) ("[T]he court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to defend and prepare the case."). Information is not necessarily obtainable from parties to litigation. *See Diamond State Insurance Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994) (recognizing duplicative

requests but also recognizing that separate business entities may not maintain identical files and therefore allowing discovery with the caveat that the third party could produce a log of already produced documents and not produce them again). This objection is particularly galling because neither Cytori nor the Defendants have produced the documents that UPITT is requesting from the joint venture. UPITT, however, learned in the deposition of University of California that it provided Cytori with a letter regarding the ownership of the '231 Patent for forwarding to Olympus. (*See Shih Rough Deposition Transcript*, page 11, ll. 19-25, page 12, ll. 1-14, page 158, ll. 23-25, page 159, ll. 1-16 (a copy is attached as Exhibit "G" hereto).) This document, and similar documents, must exist somewhere and until one of these related parties begins producing documents, UPITT must continue to seek them from all of the related parties.

Fifth, Olympus-Cytori objects to document requests claiming they seek information protected by the attorney client privilege or the work product doctrine. However, Olympus-Cytori has made only a bare assertion of privilege and has failed to establish that such privilege exists making it impossible for UPITT to evaluate whether privilege actually exists. *See Klemka v. Bic Corp.*, 1996 WL 103830 at *4 (E.D. Pa. 1996) (discussing the impropriety of making a claim of privilege by way of general objection since it does not give requesting party sufficient information to evaluate and resist the claim).[8]

Finally, in meet and confer sessions, counsel for Olympus-Cytori stated that it had no employees, no documents and that it was only a legal fiction so that Cytori and Olympus could do business. If this is true, then Olympus-Cytori is a sham corporation

---

[7]  A true and correct copy of the Protective Order is attached as Exhibit "F".

that Olympus and Cytori are using to conduct business in the United States and, specifically Delaware. *See Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1085 (D. Del. 1990) (restating the standard for determining whether separate legal entities should be regarded as alter egos as "whether [the two entities] operated as a single economic entity such that it would be inequitable for this Court to uphold a legal distinction between them"). Given the lack of distinction between the joint venturers and Olympus-Cytori and the inability of the joint venture to comply with document requests, UPITT requests that this Court compel both Cytori and Olympus, who clearly have employees and documents, to produce the requested information to UPITT if Olympus-Cytori is unable to do so.

Because close of discovery is impending and UPITT has yet to receive any discovery from Olympus-Cytori, UPITT respectfully requests that the Court order Olympus-Cytori to comply with its obligations and to do so within five (5) business days of the entry of an Order compelling discovery. A proposed form of Order granting such relief has been submitted concurrently herewith.

WHEREFORE, Plaintiff respectfully requests that this Court summarily grant its Motion and order Olympus-Cytori to produce documents in response to Plaintiff's Rule 45 subpoena duces tecum, no later than five (5) business days from the date of the Court's Order.

Dated: April 10, 2006

_David P. Primack (signature)_

David P. Primack (DE State Bar No. 4449)
DRINKER BIDDLE & REATH LLP

---

[8] Finally, Olympus-Cytori objects to document requests claiming some terms are ambiguous. UPITT asserts that these terms are clear are on their face and require no further explanation.

8

        1100 N. Market Street, Suite 1000
        Wilmington, DE 19801-1254
        Telephone: (302) 467-4221
        Facsimile: (302) 467-4201

        */s/ Joseph R. DelMaster*

        Joseph R. DelMaster
        DRINKER BIDDLE & REATH LLP
        1500 K Street N.W., Suite 1100
        Washington, D.C. 20005-1209
        Telephone: (202) 842-8879
        Facsimile: (202) 842-8465
        Attorneys for Plaintiff
        University of Pittsburgh

## Certification of Counsel

I, Joseph R. DelMaster, counsel for plaintiff University of Pittsburgh, hereby certify that, pursuant to Local Civil Rule 7.1.1, I made a reasonable effort to resolve the instant discovery dispute with the opposing attorneys on this motion. I further certify that those efforts have been unsuccessful as Olympus-Cytori has failed to provide the requested discovery.

Dated: April 10, 2006

Joseph R. DelMaster
DRINKER BIDDLE & REATH LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: (202) 842-8879
Facsimile: (202) 842-8465
Attorneys for Plaintiff
University of Pittsburgh