IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNIVERSITY OF PITTSBURGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. Action No. 06-080-SLR |
| | ) | |
| MARC H. HEDRICK, PROSPER | ) | (Litigation pending in U.S. District |
| BENHAIM, HERMANN PETER | ) | Court, Central District of California – |
| LORENZ, and MIN ZHU, | ) | Case No. CV-04-9014 CBM (AJWx)) |
| | ) | |
| Defendants. | ) | |

**ANSWERING MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS
SUBPOENA DUCES TECUM ON THIRD-PARTY OLYMPUS-CYTORI**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Third-Party
OLYMPUS-CYTORI, INC.*

*Of Counsel:*

SIDLEY AUSTIN LLP
Jeffrey M. Olson
Sandra S. Fujiyama
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

Dated: April 25, 2006

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................1

III. DISCUSSION .................................................................................................................5

    A. Olympus-Cytori Has Not Withheld Documents From Production.........................5

    B. There Is No Basis For Any Ruling That Olympus-Cytori Is A Sham Corporation.7

IV. CONCLUSION................................................................................................................9

I.  **INTRODUCTION**

Olympus-Cytori is not a party to the underlying dispute that gives rise to the present motion. Further, Olympus-Cytori is a new company that has not undertaken any business activities relating to the underlying dispute. Finally, Olympus-Cytori has no documents (other than what has already been produced in the underlying litigation) that are remotely relevant to the dispute. Thus, Olympus-Cytori respectfully submits that the motion to compel should be denied.

II.  **BACKGROUND**

The litigation that underlies the present motion was filed in October 2004. The issues in the underlying litigation are not numerous, as the parties merely seek a determination of the correct inventors on a single patent. There are no infringement, validity or unenforceability issues at stake.

The litigation originates from a patent application that was filed on March 10, 2000, from which a patent, U.S. Patent No. 6,777,231 ("the '231 patent"), ultimately issued on August 17, 2004, and from which the prosecution of several other patent applications is continuing in the Patent Office. When it issued, the face of the '231 patent named seven inventors. Additionally, the assignee of the '231 patent is identified as The Regents of the University of California ("UC").

Prior to its issuance, the lawyer prosecuting the relevant application advised the Patent Office that the inventors named on the application required correction – including the removal of three individuals who were formerly employed by the University of Pittsburgh ("UOP"), who were not believed to be inventors of the allowed and soon to be issued claims. In an attempt to prevent the correction of the named inventors by the Patent Office, and to establish through a district court lawsuit a different set of inventors,

UOP filed the underlying suit against four of the inventors, all of whom were employed by UC.  In its complaint, UOP seeks the removal of the four UC employees from the '231 patent, as well as confirmation that the three former UOP employees are the correct and only inventors of the '231 patent.  Subsequently, these four inventors counterclaimed, stating that the three UOP named inventors should be removed from the patent.  UOP, which originally brought this litigation, and all seven named inventors, are now parties to the litigation, with UOP and three individuals aligned as plaintiffs and four individuals aligned as defendants.  As stated, Olympus-Cytori is not a party to the underlying dispute.

Thus, the litigation centers on what happened at both UOP and UC prior to March 10, 2000.  Simply put, on the one hand, it is the position of the plaintiffs that the invention occurred at UOP in approximately 1995-1997.  On the other hand, it is the position of the defendants that the invention occurred at UC in approximately 1998-2000.  The principal issues for resolution are (1) what is the correct construction of the claims of the '231 patent and, in view of that construction, (2) did the conception occur earlier at UOP or did it occur later at UC.  Olympus-Cytori is in possession of no facts that bear on these issues.  These facts are found at UOP or at UC, or with the inventors, or maybe with those who worked with the inventors at UOP or at UC during the relevant time period, 1995-2000.  Of course, these individuals and entities have already been the subject of much discovery.

Olympus-Cytori came into existence in 2005, and is a joint venture by Cytori Therapeutics, Inc. ("Cytori") and Olympus Corp.  Cytori is effectively a start-up company that is interested in various life science technologies. Olympus, which is better known for consumer products such as cameras, is a large Japanese entity that also has an

2

interest in life science technologies. Neither Olympus nor Cytori had any involvement in what occurred either at UOP or at UC prior to March 10, 2000. Cytori's interest started well after March 10, 2000, when it acquired a company founded by Marc Hedrick, who is one of the UC inventors. Dr. Hedrick is now the President of Cytori. Cytori has also taken a license to the '231 patent. Olympus' interest started even later, when it invested money in Cytori in 2005 and formed the Olympus-Cytori venture with Cytori.

With only minimal explanation, plaintiffs' counsel asserts that Olympus-Cytori has "significant ties to the '231 Patent" and that "the '231 Patent is a significant asset of Olympus-Cytori." (Motion at 1-2.) While Cytori sublicensed the '231 patent to Olympus-Cytori, the '231 patent was not a primary component to the overall joint venture transaction between Olympus and Cytori. Indeed, Olympus attributed only a nominal value to the sublicense, since the intended function of the joint venture is to develop and manufacture devices to process fat tissue, not to develop products using isolated adipose derived stem cells (the subject of the '231 patent). Plaintiffs know of these facts as a result of the discovery that was provided, including a corporate deposition of Olympus-Cytori that was taken by plaintiffs' counsel and which is discussed further hereinafter.

Significantly, Olympus-Cytori believes that the party behind the push for the present discovery (and the litigation generally) on behalf of the plaintiffs is Cognate Therapeutics ("Cognate") and/or a related entity, Artecel, Inc. Artecel has taken a license to any rights that UOP might have or establish in the '231 patent. Cognate is the

3

operating entity that handles all manufacturing for Artecel.[1]  These companies presently, or potentially, are competitors of Cytori.

Over the last couple of months, considerable time in this litigation has been spent chasing down the business activities of Cytori, Olympus and Olympus-Cytori.  Thus, subpoenas *duces tecum* have been served (or have attempted to be served) on each of these three entities.  In response, objections were served, documents were produced, a privilege log was provided, and two corporate depositions were taken.  One corporate deposition was the 30(b)(6) deposition of Cytori, with Dr. Hedrick being the designated corporate representative.  A second corporate deposition was a 30(b)(6) deposition of Olympus-Cytori, with Christopher Calhoun being the designated corporate representative.

Not being satisfied with the intrusion into the business activities of these entities which resulted from these subpoenas and discovery, plaintiffs threatened to file, and now have filed, three separate motions in three different district courts other than the court in which the underlying litigation is pending.  Prior to the filing of these motions, Cytori, Olympus and Olympus-Cytori all agreed that they would submit to the jurisdiction of the District Court for the Central District of California where the underlying litigation is

---

[1] While the ongoing commercial business activities of Artecel and Cognate – and for that matter Cytori, Olympus, and Olympus-Cytori – have no specific bearing on the resolution of the underlying litigation, the motivations for bringing the present motion to compel can be understood by observing them. By way of further background, the key individuals behind the litigation on the plaintiffs' side are Linda Powers and Kenneth Moseley, both of whom were "essential" participants in a settlement conference in the underlying litigation. Specifically, Ms. Powers is the Chairperson of Cognate's Board and Mr. Moseley is identified on the Cognate website as one of only three key officers. He is also the only employee of Artecel, which appears to be only a holding company for the patent license. Additionally, Plaintiffs' law firm is the same law firm that represents Cognate regarding patent matters, including the prosecution of patent applications relating to the subject-matter of the '231 patent.

4

pending. Plaintiffs' counsel refused this offer and now has satellite litigation pending in this Court, in the Eastern District of New York against Olympus, and in the Southern District of California against Cytori.[2]

### III.    DISCUSSION

#### A.    Olympus-Cytori Has Not Withheld Documents From Production

The Olympus-Cytori joint venture has no additional discovery to provide to the plaintiffs in this matter. The joint venture is just getting its feet on the ground, having hired only its first employee recently. Counsel for plaintiffs have been advised that there are no documents for it to produce that fall within the scope of any of the document requests that have not already been produced in this litigation by someone else.

All of these facts were established during the deposition of Olympus-Cytori that occurred on March 24, 2006.

Nevertheless, plaintiffs' counsel brings the present motion and speculates that it is "exceedingly unlikely" (p. 2 of Motion) or "highly unlikely" (id.) that no additional documents exist. Yet, in a 105-page deposition of Mr. Calhoun, who appeared as the 30(b)(6) spokesperson for Olympus-Cytori, UOP's lawyers did not establish that there was any withholding of documents by Olympus-Cytori.[3]

As part of its argument, plaintiffs step through several of the objections that were made by Olympus-Cytori to the subpoena *duces tecum*. However, in doing so, plaintiffs

---

[2] UOP has brought one motion to compel before the Central District of California, but it was summarily denied in its entirety by Magistrate Judge Wistrich.

[3] In the motion (at 7), Plaintiffs describe one document that was identified during the deposition of John Shih, a 30(b)(6) spokesperson for UC, that was not produced. As an initial matter, this document was neither authored by nor sent to Olympus-Cytori. In any event, shortly after the deposition, this document was produced. Plaintiffs have received thousands of documents from the defendants and non-parties during the course of this litigation, and there is no basis for the assertion by plaintiffs' counsel that "similar [unproduced] documents must exist somewhere." Id.

5

completely ignore the fact that Olympus-Cytori had no objection to producing non-privileged documents in its possession, custody or control that (a) characterize U.S. Pat. 6,777,231; (b) reference the civil action <u>University of Pittsburgh et al. v. Hedrick et al.</u>, 04-cv-09014 (Central District of California); and (c) reference an inventorship dispute about U.S. Pat. 6,777,231.

By its motion, plaintiffs do not seem to be seeking anything more.[4] Thus, the entire basis for this motion solely arises because plaintiffs "expect" (motion at 4) that documents exist beyond what they have already received or were listed on the privilege log, and are being withheld from production.[5] This is, as stated herein, an unsupported and incorrect conclusion.

Finally, to the extent that plaintiffs are seeking any documents beyond those identified above, plaintiffs' motion makes no argument for relevancy, and there is none. Whatever the business of Olympus-Cytori unrelated to the '231 patent is, it is **not** the business of plaintiffs, or of Cognate and Artecel, no matter how curious they might be. Plaintiffs' motion offers no basis from which this Court should require that any additional

---

[4] Defendants state "Documents discussing the '231 Patent, and especially who the proper inventors should be are clearly relevant to this litigation." Motion at 4.

[5] The privilege log was prepared by Cytori, and plaintiffs' counsel was advised that Olympus-Cytori has no responsive documents in its possession, custody or control that were not identified on that log. The log sets forth the author, recipient, date and subject matter of the documents, in accordance with the requirements for logging privileged documents. Additionally, questions were asked regarding the content of the privilege log at the Calhoun deposition (*i.e.*, the corporate deposition of Olympus-Cytori), although plaintiffs' counsel did not mark it as an exhibit. Further, Olympus-Cytori does not believe that these documents are within its possession, custody or control, but rather are in Cytori's control, which already is the subject of a pending motion to compel filed by UOP in the District Court for the Southern District of California.

6

categories of documents be produced. In this regard, all of defendants' objections are meritorious and should be sustained.[6]

## B. There Is No Basis For Any Ruling That Olympus-Cytori Is A Sham Corporation

Plaintiffs' motion (at 7) states the following:

> "Finally, in meet and confer sessions, counsel for Olympus-Cytori stated that it had no employees, no documents and that it was only a legal fiction so that Cytori and Olympus could do business."

Based on this single unsupported representation, plaintiffs' counsel concludes that Olympus-Cytori must be a "sham" corporation. Therefore, according to plaintiffs' counsel, this Court should "compel both Cytori and Olympus, who clearly have employees and documents, to produce the requested information to UPITT if Olympus-Cytori is unable to do so." (Motion at 8.)

Plaintiffs' requested relief has no basis in fact or law. First, none of the representations regarding a meet and confer session are truthful or accurate. At the time of the Calhoun deposition, plaintiffs' counsel was advised that Olympus-Cytori had hired

---

[6] Rule 26 of the Federal Rules of Civil Procedure explicitly provides for limitations on discovery where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," or where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2). Likewise, Rule 26(c) empowers a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that "discovery not be had." Fed.R.Civ.P. 26(c)(1).

In addition, Rule 45 requires that a court "shall quash or modify" a subpoena if it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). Moreover, even a subpoena seeking relevant evidence may be quashed if the subpoena is unreasonable or oppressive. Charles Alan Wright and Arthur Miller, Federal Practice and Procedure, 2d ed. § 2459. In this regard, a non-party such as Olympus-Cytori is afforded special consideration regarding expense and inconvenience in determining if a subpoena is burdensome. See Katz v. Batavia Marine and Sporting Supplies, Inc., 998 F.2d 422, 424 (Fed. Cir. 1993) ("the fact of nonparty status may be considered by the court in weighing the burdens").

its first employee. Olympus-Cytori does not contend that it has no documents, just that it has no relevant documents that have not already been produced in the underlying litigation. Further, no one has ever represented that Olympus-Cytori is a "legal fiction," whatever plaintiffs' counsel means by that.

Second, Olympus is already the subject of a motion to compel that is pending in the Eastern District of New York. Likewise, Cytori is the subject of a motion to compel that is pending in the Southern District of California. Obviously, these parties are not before the Court today. There is no reason for this Court to usurp the authority of these courts, or duplicate their efforts, based on plaintiffs' flimsy argument of a sham corporation.

If anything, the decision of Harper v. Delaware Valley Broadcasters, Inc. et al., 743 F. Supp. 1076, 1085 (D. Del. 1990) supports the opposite conclusion from that for which it is purportedly cited. In Harper, the plaintiffs sought to have the Court disregard this separate legal existence between a corporate defendant (DVBI) and an individual defendant (Lindale). After noting that "[n]umerous factors come into play when discussing whether separate legal entities should be regarding as alter egos" (id. at 1085), the Harper Court ruled *against* the plaintiff stating that it would not disregard the separate legal existences of DVBI and Lindale when the plaintiff had failed to show the "unfairness or injustice necessary to persuade a Delaware court to disregard separate entities…." Id. at 1086.

Here, Olympus-Cytori is a legal entity separate from Cytori and Olympus. Plaintiffs have shown no facts to disregard this legal separation. Moreover, even assuming that plaintiffs had provided some factual support for their position (which they have not), plaintiffs have shown no need for the Court to undertake the complicated

8

evaluation necessary to resolve this issue. Plaintiffs are proceeding against both of these entities in two other courts, where the arguments about the production or non-production of documents by each of these entities will be fully aired. Notwithstanding any other factor, because there is no equitable reason for the Court to disregard the separateness of these three legal entities, it should not do such here. *See* Harper, 743 F. Supp. at 1085-86.

### IV. CONCLUSION

For the reasons stated herein, third-party Olympus-Cytori, Inc. respectfully requests that plaintiffs' motion be denied.

          ASHBY & GEDDES

          */s/ Steven J. Balick*

          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, Delaware 19899
          (302) 654-1888
          sbalick@ashby-geddes.com
          jday@ashby-geddes.com

          *Attorneys for Third-Party*
          *OLYMPUS-CYTORI, INC.*

*Of Counsel:*

SIDLEY AUSTIN LLP
Jeffrey M. Olson
Sandra S. Fujiyama
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

Dated: April 25, 2006

168919.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 25[h] day of April, 2006, the attached **ANSWERING MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS SUBPOENA DUCES TECUM ON THIRD-PARTY OLYMPUS-CYTORI** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| David P. Primack, Esquire<br>Drinker Biddle & Reath LLP<br>1100 North Market Street<br>Suite 1000<br>Wilmington, DE  19801 | HAND DELIVERY |
| Joseph R. DelMaster, Esquire<br>Drinker Biddle & Reath LLP<br>1500 K. Street N.W.<br>Suite 1100<br>Washington, D.C.  20005-8879 | VIA ELECTRONIC MAIL |

*/s/ Steven J. Balick*

Steven J. Balick

168925.1