## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNIVERSITY OF PITTSBURGH,  )
  )
      Plaintiff  )
  )
  )   Misc. Action No. 06-080-SLR
    v.  )
  )
  )   (Litigation pending in U.S. District
MARC H. HEDRICK, PROSPER  )   Court, Central District of California
BENHAIM, HERMANN PETER  )   – Case No. CV04-9014-CBM
LORENZ, and MIN ZHU  )   (AJWx))
  )
      Defendants.  )
  )

### PLAINTIFF'S MOTION TO FILE EXHIBITS A, B AND C OF ITS MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO ITS SUBPOENA DUCES TECUM ON THIRD-PARTY OLYMPUS-CYTORI, INC. UNDER SEAL

Plaintiff University of Pittsburgh (hereinafter "UPITT"), through its undersigned attorneys, respectfully requests this Court to file under seal Exhibits A, B and C of its Memorandum in Support of Its Motion to Compel Responses to Its Subpoena Duces Tecum on Third-Party Olympus-Cytori, Inc. These exhibits, which are subject to the attached protective order in the underlying litigation, are being submitted to the Clerk of Court with a paper copy of this order.

Dated: May 1, 2006

_____/s/ David P. Primack_____
David P. Primack (DE 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000

Wilmington, DE  19801-1254
Telephone: (302) 467-4221
Facsimile: (302) 467-4201

-and-

Joseph R. DelMaster
DRINKER BIDDLE & REATH LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: (202) 842-8879
Facsimile: (202) 842-8465
Attorneys for Plaintiff
University of Pittsburgh



LODGED

2005 DEC -1 PM 12: 06

CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY

1
2
3
4
5
6
7
8
9
10

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

SCANNED

FILED
CLERK, U.S. DISTRICT COURT

DEC - 6 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>Plaintiff,<br><br>vs.<br><br>MARC H. HEDRICK, PROSPER BENHAIM, HERMANN PETER LORENZ, and MIN ZHU,<br><br>Defendants. | Case No. CV:04-9014-CBM (AJWx)<br><br>**Stipulation and [Proposed] Protective Order Governing Production of Documents and Other Discovery** |

WHEREAS, plaintiff University of Pittsburgh ("Plaintiff") has commenced the above-captioned action (the "Action") against defendants Prosper Benhaim, Marc H. Hedrick, Hermann Peter Lorenz, and Min Zhu (the Plaintiff and Defendants are hereinafter collectively referred to as the "Parties");

WHEREAS, the dispute concerns United States Patent No. 6,777,231 ("the '231 patent");

WHEREAS, there are seven named inventors of the '231 patent: the Defendants and Adam J. Katz, Ramon Llull, and William J. Futrell (collectively, the "Inventors");

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\692512
PA\52183313 4

1

DOCKETED ON CM

DEC 7 2005

34

1    WHEREAS, rights in the '231 patent have been assigned to Plaintiff and the

2    Regents of the University of California ("Regents");

3    WHEREAS, the Regents have licensed certain rights in the '231 patent to

4    Cytori Therapeutics, Inc. ("Cytori");

5    WHEREAS, Plaintiff has licensed certain rights in the '231 patent to Artecel

6    Inc. ("Artecel").

7    WHEREAS, the Parties anticipate that discovery requests served in the

8    Action may require the production for inspection and copying of documents

9    containing, and testimony regarding proprietary business information of technical or

10   financial nature, which may include trade secrets;

11   WHEREAS, the Parties, pursuant to Rule 26 (c) of the Federal Rules of Civil

12   Procedure and other applicable law, believe that the entry of an Order limiting the

13   handling and use of confidential information will facilitate their efforts to exchange

14   documents and information with one another and to obtain documents and

15   information from third parties to the extent necessary in this Action;

16   WHEREAS, the Parties desire to expedite the flow of discovery material, to

17   facilitate the prompt resolution of disputes over confidentiality, and to ensure that

18   protection is afforded only to material so entitled, during proceedings in this matter;

19   WHEREAS, the Parties seek to ensure that such confidential information is

20   used only for purposes of this Action and is not otherwise used or disseminated; and

21   WHEREAS, the Parties intend to be bound by this Stipulated Protective

22   Order (the "Order").

23   NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND

24   ORDERED AS FOLLOWS:

25   1.    In the event that any documents, interrogatory answers, responses to

26   requests for admission, depositions or other testimony, or other information or

27   materials produced or exchanged during the course of discovery or at the trial of this

28   Action, whether through formal or informal discovery proceedings ("DISCOVERY

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252\2

PA\621853\3.4

2

1  MATERIAL"), are designated as being "CONFIDENTIAL" or "ATTORNEY EYES

2  ONLY" in accordance with this Order, the designated material produced shall be

3  maintained in confidence and not be disclosed to any person except as provided

4  herein.

5      2.    Material designated "CONFIDENTIAL" is non-public information

6  concerning the conception and reduction to practice of the inventions described in

7  the claims of the '231 patent, including trade secrets and other information that could

8  confer a competitive advantage if publicly disclosed;

9      3.    Material designated "ATTORNEY EYES ONLY" is other, non-public

10 information including trade secrets and other information that could confer a

11 competitive advantage if publicly disclosed.  Such information includes, but is not

12 limited to, non-public financial reports, licenses, licensing reports, pricing

13 information, cost information and any relevant, non-public research information that

14 does not concern the conception and reduction to practice of the inventions described

15 in the claims of the '231 patent.

16     4.    DISCOVERY MATERIAL designated as CONFIDENTIAL or

17 ATTORNEY EYES ONLY in accordance with the terms of this Protective Order is

18 hereinafter referred to as "PROTECTED MATERIAL."

19     5.    Counsel for a Party or any third party producing or furnishing

20 DISCOVERY MATERIAL (the "Producing Party") of any nature in connection with

21 this Action to a Party (a "Receiving Party") may, except as provided in paragraph 6

22 below, designate a document as CONFIDENTIAL or ATTORNEY EYES ONLY by

23 stamping each page of the document, or the portions of the document which are

24 believed to warrant such protection, with the words "CONFIDENTIAL" or

25 "ATTORNEY EYES ONLY," as the case may be, at the time the document is

26 produced.  PROTECTED MATERIAL not reduced to documentary, tangible or

27 physical form or which cannot be conveniently designated in the manner set forth

28 herein shall be designated by the Producing Party by informing the Receiving Party

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252

PA\62163313 4

3

1   in writing.

2       6.    In the event that a Producing Party requests to designate a document as

3   CONFIDENTIAL or ATTORNEY EYES ONLY after its initial production, the

4   Producing Party shall also provide a replacement copy of the document marked

5   CONFIDENTIAL or ATTORNEY EYES ONLY, and the Receiving Party shall

6   return or destroy the corresponding unmarked document that was initially produced,

7   along with any copies, duplicates, or extracts thereof. However, no party shall be

8   held to be in violation of this Protective Order for the dissemination of

9   PROTECTED MATERIAL if such material was not designated as either

10  ATTORNEY EYES ONLY or CONFIDENTIAL at the time of the dissemination.

11      7.    A Party may designate any deposition transcript or portion of any

12  deposition transcript as CONFIDENTIAL or ATTORNEY EYES ONLY by so

13  stating on the record. If the Party designates the entire transcript as

14  CONFIDENTIAL or ATTORNEY EYES ONLY or both, the Party shall give notice

15  in writing to the other Parties within fourteen (14) days of receipt of the deposition

16  transcript of the pages which are so designated. Pending expiration of the fourteen

17  (14) business days, the deposition transcript shall be treated as if it had been

18  designated "CONFIDENTIAL." In either of the foregoing instances, the

19  stenographer shall be instructed to place the word(s) "CONFIDENTIAL" or

20  "ATTORNEY EYES ONLY," as appropriate, on the first page or on the designated

21  portions of the transcript.

22      8.    All PROTECTED MATERIAL which is produced in this Action shall

23  be used for purposes of this Action only and for no other purpose. No person who

24  receives PROTECTED MATERIAL from a Producing Party, or otherwise, pursuant

25  to this Order shall disclose the PROTECTED MATERIAL to any other person,

26  except as authorized by the express terms of this order. The Parties and all other

27  persons who receive PROTECTED MATERIAL shall be under a continuing duty

28  not to disclose such information obtained in the course of this Action, and this duty

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689292

PA021653194

4

1    shall continue in full force and effect after the completion of this Action.

2         9.    PROTECTED MATERIAL that is designated as CONFIDENTIAL,

3    including any writing or communication reproducing, paraphrasing, or otherwise

4    disclosing such information, shall not be shown or disclosed to any person by the

5    Receiving Party except to the following persons:

6              (a)    The outside attorneys of record for the Parties, including the

7    partners, associates, and stenographic, secretarial, paralegal, clerical and other

8    employees of such attorneys;

9              (b)    The Inventors;

10              (c)    Alan A. Garfinkel, Francis Connell, and Mark Melandro of the

11    University of Pittsburgh; Ken Mosely and Linda Powers of Artecel; Martin

12    Simpson, Patricia Cotton, John Shih, Bernadette McCafferty and Kathryn Atchison

13    of the Regents, Richa Nand and Jon Soneff of Macropore, and any similarly-situated

14    persons agreed to in a writing signed by each of the Parties' outside counsel;

15              (d)    Independent consultants or expert witnesses ("Independent

16    Experts") retained by such Party, including the partners, associates, and

17    stenographic, secretarial, paralegal, clerical and other employees of such

18    Independent Experts.  Before disclosing any materials marked CONFIDENTIAL to

19    an Independent Expert, counsel shall provide to the other Parties a copy of a resume

20    or curriculum vitae describing in detail:  (1) the Independent Expert's employment

21    history; and (2) every consulting relationship in which the Independent Expert is

22    currently engaged or has been engaged in the past four years.  The notified Parties

23    shall have ten (10) business days from receipt of the notice to deliver to the

24    notifying party written objections, if any, setting forth in detail the reasons therefor.

25    Upon timely objection, disclosure of materials marked CONFIDENTIAL to the

26    Independent Expert shall not be made, subject to a successful motion for relief

27    brought by the Party seeking disclosure.  Absent timely objection, the Independent

28    Expert shall be deemed approved.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252

PA/52183313.4

5

1        (e)     Any person who prepared or originated the document, or who is

2  indicated on its face as a recipient of a copy thereof;

3        (f)     The Court and related officials involved in this Action, including

4  judges, magistrates, commissioners, referees, jurors, and other Court personnel;

5  provided, however, that any material designated CONFIDENTIAL and filed with

6  Court is served and filed in accordance with the procedures for the service and filing

7  of such material contained in this Order.

8        (g)     Any person designated by the Court in the interest of justice,

9  upon such terms as the Court deems proper.

10     10.    Prior to disclosing CONFIDENTIAL material to any person listed in

11  paragraphs 9(b), 9(c), 9(d) 9(e) and 9(g) above, the Receiving Party shall provide

12  such person with a copy of this Order and obtain from such person a signed copy of

13  the Certificate of Compliance With Protective Order ("Certificate") in the form

14  attached hereto as Exhibit "A." Such statement shall be retained by the Receiving

15  Party and need not be filed with the Court or served upon opposing counsel unless

16  required by the Court.

17     11.    PROTECTED MATERIAL that is designated as ATTORNEY EYES

18  ONLY, including any writing or communication reproducing, paraphrasing, or

19  otherwise disclosing such information, shall not be shown or disclosed by the

20  Receiving Party except to the following persons:

21        (a)     The outside attorneys of record for the Parties, including the

22  partners, associates, and stenographic, secretarial, paralegal, clerical and other

23  employees of such attorneys;

24        (b)     Alan A. Garfinkel of the University of Pittsburgh and Martin

25  Simpson of the Regents;

26        (c)     Independent Experts retained by such Party, including the

27  partners, associates, and stenographic, secretarial, paralegal, clerical and other

28  employees of such Independent Experts. Before disclosing any materials marked

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252

PA\62163313.4

6

1   CONFIDENTIAL to an Independent Expert, counsel shall provide to the other

2   Parties a copy of a resume or curriculum vitae describing in detail: (1) the

3   Independent Expert's employment history; and (2) every consulting relationship in

4   which the Independent Expert is currently engaged or has been engaged in the past

5   four years. The notified Parties shall have ten (10) business days from receipt of the

6   notice to deliver to the notifying party written objections, if any, setting forth in

7   detail the reasons therefor. Upon timely objection, disclosure of materials marked

8   CONFIDENTIAL to the Independent Expert shall not be made, subject to a

9   successful motion for relief brought by the Party seeking disclosure. Absent timely

10   objection, the Independent Expert shall be deemed approved.

11       (d)    Any person who prepared or originated the document, or who is

12   indicated on its face as a recipient of a copy thereof;

13       (e)    The Court and related officials involved in this Action, including

14   judges, magistrates, commissioners, referees, jurors, and other Court personnel;

15   provided, however, that any material designated ATTORNEY EYES ONLY and

16   filed with the Court is served and filed in accordance with the procedures for the

17   service and filing of such material contained in this Order; and

18       (f)    Any person designated by the Court in the interest of justice,

19   upon such terms as the Court deems proper.

20   12.   Prior to disclosing ATTORNEY EYES ONLY material to any person

21   listed in paragraphs 11(b), 11(c), 11(d) and 11(f) above, the Receiving Party shall

22   provide such person with a copy of this Order and obtain from such person a signed

23   copy of the Certificate in the form attached hereto. Such statement shall be retained

24   by the Receiving Party and need not be filed with the Court or served upon opposing

25   counsel unless required by the Court.

26   13.   If counsel for a Receiving Party in good faith objects to the designation

27   by the Producing Party of PROTECTED MATERIAL as ATTORNEY EYES

28   ONLY or CONFIDENTIAL, counsel for the Receiving Party must state the

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689250

7

PA\52183313.4

1  objection in writing and provide such written objection to the Producing Party as

2  soon after the Receiving Party believes there is a good-faith basis for such objection,

3  but in any event not later than thirty (30) days before the deadline to file discovery

4  motions. If no written notice of objection is received within this period, the

5  Receiving Party shall be deemed to have waived any right to object to the

6  designation  The notice of objection shall identify the PROTECTED MATERIAL

7  subject to the objection, set forth the reasons and bases for the objection, and if

8  applicable identify the person to whom the Receiving Party wants to disclose the

9  PROTECTED MATERIAL. If timely written notice of objection is provided, the

10  Parties shall, within seven (7) days, meet and confer in good faith in an attempt to

11  informally resolve the dispute over the designation. If they are unable to resolve the

12  disagreement, the Producing Party shall move the Court for a protective order to

13  maintain the designation of the PROTECTED MATERIAL, and shall bear the

14  burden of proving good cause for the designation.

15     14.  ~~In the event that~~ any Party ~~in connection with any motion or proceeding~~ *seeking to file*

16  ~~files with the Court any records that disclose the contents of PROTECTED~~

17  MATERIAL, *must comply with local rule 79-5.1 and submit a written application,* ~~these records shall be filed with the Court in sealed envelopes on~~

18  *including legal authority for such application, and a proposed order to the judge,* ~~which a captioned page shall be typed that states:  "FILED UNDER SEAL~~

19  *Along with the documents lodged for filing under seal.* ~~PURSUANT TO PROTECTIVE ORDER."~~  In addition, separate versions of those

20  documents, captioned "PUBLIC REDACTED VERSION," shall be filed

21  concurrently in the Court's public files. In the PUBLIC REDACTED VERSION of

22  the filed records, PROTECTED MATERIALS shall be replaced with a sheet or

23  sheets stating words to the effect that the PROTECTED MATERIALS were not

24  included pursuant to this Order. In addition, in the PUBLIC REDACTED

25  VERSION of the filed records, references to PROTECTED MATERIALS shall be

26  redacted, and each such redacted page shall be stamped "REDACTED."

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689250\2

PA\52163313.4

8

1       15.   Should any PROTECTED MATERIAL be disclosed, through

2   inadvertence or otherwise, by the Receiving Party to any person not authorized under

3   this Order, the Receiving Party shall:

4       (a)   Within two (2) business days of the discovery of such disclosure,

5   inform the recipient of such PROTECTED MATERIAL of all provisions of this

6   Order and use its best efforts to obtain the return of such PROTECTED

7   MATERIAL and to have such person sign the Certificate attached to this Order.

8   The executed Certificate shall be served upon counsel of record for the Producing

9   Party within five (5) days of its receipt by the Receiving Party; and

10       (b)   Within two (2) days of the discovery of such disclosure, provide

11   a written explanation to the Producing Party describing the PROTECTED

12   MATERIAL that was disclosed, explaining the reason for the disclosure, and

13   identifying the person to whom it was disclosed.

14       16.   The restrictions set forth in this Order shall not apply to any document

15   or other information that was properly in the public domain or was acquired in good

16   faith from a third party.  In the event a Party claims that one or more documents was

17   improperly put in the public domain, the Party shall seek to resolve the issue

18   informally through negotiation.  If that does not resolve the issue, a Party may move

19   the Court for an Order directing that said document(s) is/are subject to this Order.

20   Nothing herein shall prevent any of the Parties from disclosing or using any of their

21   own PROTECTED MATERIAL as they deem appropriate.

22       17.   Any Party who has designated any material as ATTORNEY EYES

23   ONLY or CONFIDENTIAL pursuant to this Order may consent to the removal of

24   such designation by so notifying counsel for the other Party in writing.

25       18.   Nothing in this Order shall be construed to preclude or to constitute a

26   waiver of any Party's right: (a) to oppose discovery on any ground; (b) to object on

27   any ground to the admission into evidence of any document, testimony, evidence, or

28   other information at the trial of this Action; or (c) to seek an order from the Court

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252

PA\52163313 4

9

1   that any portion of a hearing or trial proceeding be closed to the public for the

2   purpose of taking testimony with respect to information designated as PROTECTED

3   MATERIAL. Nothing herein shall affect, impact or change in any way the

4   protections afforded by any applicable privilege, including, but not limited to, the

5   attorney-client privilege and work product protection or their inadvertent disclosure.

6       19.    This Stipulation shall be, subject to the Court's approval, binding upon

7   all of the Parties upon their signature hereto, and by signing hereto each Party agrees

8   to comply with the terms of this Stipulation and to be bound thereby. In the event

9   that the Court does not enter into the Proposed Protective Order based upon this

10  Stipulation, the Parties shall in good faith negotiate the terms which the Court finds

11  objectionable.

12      20.    Any additional Party who joins or is joined in this Action shall have

13  access to PROTECTED MATERIAL in accordance with the provisions of this Order

14  upon its counsel's executing and filing with the Court a declaration in which the

15  Party and its counsel agree to be fully bound by this Order.

16      21.    Within thirty (30) days after the termination of this Action, including

17  any appeals, or at such other time as the Parties agree, each Party shall return or

18  destroy all documents containing or reflecting PROTECTED MATERIAL,

19  including, but not limited to, originals, copies, and excerpts of PROTECTED

20  MATERIAL. Each Party shall serve on all other Parties a signed letter confirming

21  that it complied with this provision of the Protective Order by returning or destroying

22  all PROTECTED MATERIAL received from other Parties. Notwithstanding the

23  foregoing, counsel for each Party may retain their work product, such as pleadings,

24  correspondence, and memoranda which contain or reflect PROTECTED

25  MATERIAL, provided that all such information shall remain subject to this Order

26  and shall not be disclosed to any person except as provided by this Order.

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252

PA\521033134

10

1    22.    This Order shall not prejudice a Party's right to seek to amend, modify,

2  or change the terms of Order by written agreement between the Parties (and relevant

3  third parties, to the extent that their interests are affected), or by Order of the Court.

4    23.    In the event that a Party or entity who has received PROTECTED

5  MATERIAL in connection with this Action is (a) subpoenaed in another action, (b)

6  served with a demand in another action to which he, she or it is a party, or (c) served

7  with any other legal process by one who is not a Party to this Action, and the

8  subpoena, demand, or other legal process calls for the production of PROTECTED

9  MATERIAL, the Receiving Party shall, within at least forty-eight (48) hours of

10  receiving said subpoena, demand, or legal process (or sooner if the time for

11  responding is less than forty-eight (48) hours), provide the Producing Party by email

12  or facsimile transmission with written notice and a copy of said subpoena, demand,

13  or legal process in order to allow the Producing Party to quash or modify said

14  subpoena, demand, or legal process.

15    24.    The Parties agree that a violation or threatened violation of these terms

16  shall constitute irreparable harm and qualify as valid grounds for seeking injunctive

17  relief to prevent said violation.

18    25.    This Order governs the use and handling of PROTECTED

19  MATERIALS prior to trial.  Before trial, the Parties shall meet and confer to discuss

20  the procedures to be used at trial to maintain the confidentiality of PROTECTED

21  MATERIALS in a manner consistent with the Court's Rules and procedures.

22  ///

23  ///

24  ///    **IT IS SO ORDERED.**

25  ///    DATED _12/6/05_

26  ///

27  ///    _____

28  ///    **UNITED STATES DISTRICT JUDGE**

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\6892502

PA\82163313,4

11



1   IT IS SO STIPULATED.

2

3   DATED: November 23, 2005     DRINKER BIDDLE & REATH LLP

4

5                       By: _____

6                       John J. Marshall
                          Amor A. Esteban

7                       Suzanne V. Stouder
                       Attorneys for Plaintiff
                       University of Pittsburgh

8

9   DATED: November 21, 2005     BINGHAM McCUTCHEN

10

11                      By: _____

12                       James B. Lewis
                       Thomas E. Kuhnle

13                       Malcolm McGowan
                       Jennifer M. Phelps

14                       Attorneys for Defendants

15   DATED: November ___, 2005     SIDLEY AUSTIN BROWN & WOOD

16

17                      By: _____

18                       Jeffrey M. Olson
                       Sandra S. Fujiyama

19                       Attorneys for Defendant
                       Marc H. Herick

20

21

22

23

24

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\6892\2

PA\62163313.4

12

1  IT IS SO STIPULATED.

2

3  DATED: November ___, 2005          DRINKER BIDDLE & REATH LLP

4

5  By: _____

6                                     John J. Marshall
                                      Amor A. Esteban
7                                     Suzanne V. Stouder
                                      Attorneys for Plaintiff
                                      University of Pittsburgh
8

9  DATED: November 21, 2005           BINGHAM McCUTCHEN

10

11 By: _____
                                      James E. Lewis
12                                    Thomas E. Kuhnle
                                      Malcolm McGowan
13                                    Jennifer M. Phelps
                                      Attorneys for Defendants
14

15 DATED: November ___, 2005          SIDLEY AUSTIN BROWN & WOOD

16

17 By: _____

18                                    Jeffrey M. Olson
                                      Sandra S. Fujiyama
19                                    Attorneys for Defendant
                                      Marc H. Herick
20

21

22

23

24

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\689252\2

PA\52163313 4

12

SCANNED

1    IT IS SO STIPULATED.

2

3    DATED: November ___, 2005          DRINKER BIDDLE & REATH LLP

4

5    By: _____
       John J. Marshall
6      Amor A. Esteban
       Suzanne V. Stouder
7      Attorneys for Plaintiff
       University of Pittsburgh

8    DATED: November 21, 2005           BINGHAM McCUTCHEN

9

10

11   By: _____
       James B. Lewis
12     Thomas E. Kuhnle
       Malcolm McGowan
13     Jennifer M. Phelps
       Attorneys for Defendants

14

15   DATED: November __, 2005           SIDLEY AUSTIN BROWN & WOOD

16

17   By: _/s/_____
       Jeffrey M. Olson
18     Sandra S. Fujiyama
       Attorneys for Defendant
19     Marc H. Herick

20

21

22

23

24

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA\6892502

PA\52163313.4                                    12



## ORDER

For GOOD CAUSE APPEARING, it is SO ORDERED.

DATED: _____, 2005

The Honorable Consuelo B. Marshall
Chief District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\68925\2

PA\52183313.4

13

SCANNED

1                     **EXHIBIT "A"**

2     **CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER**

3        The undersigned declares as follows:

4        I hereby acknowledge that I have been provided with a copy of the Stipulation

5     and Order Governing Production of Other Discovery of ATTORNEY EYES ONLY

6     Information (the "Protective Order") in the action captioned *University of*

7     *Pittsburgh, etc. v. Marc H. Hedrick, et al.*, United States District Court (Central

8     District), Case No. CV-04-9014-CBM (AJWx).

9        I agree to abide by the Protective Order and not to reveal or otherwise

10    communicate to anyone or utilize any of the information designated "ATTORNEY

11    EYES ONLY" or "CONFIDENTIAL" that is disclosed to me except in accordance

12    with the terms of such Order.  I acknowledge that any violation of the Protective

13    Order may be punishable as to contempt of court through monetary sanctions

14    ordered by the Court , or both, and I further agree to submit to the jurisdiction of the

15    United States District Court (Central District) for all matters relative to such Order.

16

17    DATED: _____, _____

18                                 _____

19                                  (Signature)

20                                  _____

21                                  (Printed Name)

22

23                                  _____

24                                  (Address)

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\6892\2

PA/5216\3\13.4

14

## PROOF OF SERVICE

1

2        I am over 18 years of age, not a party to this action and employed in

3    the County of Los Angeles, CA at 355 South Grand Avenue, Suite 4400, Los

4    Angeles, CA 90071-3106. I am readily familiar with the practice of this office for

5    collection and processing of correspondence for mailing with the United States

6    Postal Service and correspondence is deposited with the United States Postal

7    Service that same day in the ordinary course of business.

8        Today I served the attached:

9        STIPULATION AND [PROPOSED] PROTECTIVE
         ORDER GOVERNING PRODUCTION OF
10       DOCUMENTS AND OTHER DISCOVERY

11   by causing a true and correct copy of the above to be placed in the United States

12   Mail at Los Angeles, CA in sealed envelope(s) with postage prepaid, addressed as

13   follows:

14       Amor A. Esteban, Esq.              Jeffrey M. Olson, Esq.
         Drinker Biddle & Reath LLP        Sidley Austin Brown & Wood LLP
15       333 South Grand Avenue, Suite 1700  555 West 5th Street, 40th Floor
         Los Angeles, CA 90071-1504        Los Angeles, CA 90013
16       Phone: 213-253-2300               Phone: 213-896-6041
         Fax: 213-253-2301                 Fax: 213-896-6600
17       *Attorneys for Plaintiff*          *Attorneys for Defendant Marc H.*
                                            *Hedrick*
18

19       I declare that I am employed in the office of a member of the bar of

20   this court at whose direction the service was made and that this declaration was

21   executed on December 1, 2005.

22

23                              _____
24                              Nancy J. Phillips

25

26

27

28

PROOF OF SERVICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNIVERSITY OF PITTSBURGH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Misc. Action No. 06-080-SLR |
| | ) | |
| MARC H. HEDRICK, PROSPER | ) | (Litigation pending in U.S. District |
| BENHAIM, HERMANN PETER | ) | Court, Central District of California |
| LORENZ, and MIN ZHU | ) | – Case No. CV04-9014-CBM |
| | ) | (AJWx)) |
| Defendants. | ) | |
| | ) | |

## ORDER

AND NOW, this ___ day of _____, 2006, upon

consideration of the Motion of the Plaintiff University of Pittsburgh to File

Documents Under Seal, it is hereby ORDERED that the Motion is

GRANTED.  Exhibits A, B and C of its Memorandum in Support of Its

Motion to Compel Responses to Its Subpoena Duces Tecum on Third-Party

Olympus-Cytori, Inc. will be filed under seal.

_____
The Honorable Sue L. Robinson
Chief Judge, United States District Court